IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 2:22-CV-00008-MPK |
| | ) | |
| v. | ) | Re: ECF No. 23 |
| | ) | **ELECTRONICALLY FILED** |
| JD PALATINE, LLC, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

~~**PROPOSED**~~ **ORDER**

AND NOW, this **9th** day of **May**, 2022, it is hereby ORDERED, ADJUDGED and DECREED that the Consent Motion to Approve Confidentiality Agreement is hereby GRANTED. Exhibit "A" to this Motion is hereby approved.

By the Court:

_____
Maureen P. Kelly
United States Magistrate Judge

LEGAL/146070514.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 2:22-CV-00008-MPK |
| | ) | |
| v. | ) | |
| | ) | **ELECTRONICALLY FILED** |
| JD PALATINE, LLC, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### CONFIDENTIALITY AGREEMENT

IT IS HEREBY AGREED by and between Plaintiff JOHN DOE ("Plaintiff"), and Defendant JD PALATINE, LLC ("Defendant"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been or may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential personal identification information, other consumers' complaints and disputes, confidential policies and procedures for assembling consumer reports, confidential research, training and development, technology or other proprietary information belonging to the Defendant. The categories of documents listed in this Paragraph do not reflect any admission that they are discoverable or admissible.

    1.    The term "Confidential Information" shall mean any information, documents, testimony, evidence, or tangible or intangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.    Information, documents, testimony, evidence, or tangible or intangible things that a party or non-party believes in good faith qualify as Confidential Information will be designated for protection by the producing party by writing/stamping the term "Confidential" on the document

EXHIBIT "A"

in such a manner as will clearly designate the material as falling within the protection of Federal Rule of Civil Procedure 26(c).

3. Except as otherwise provided herein, Confidential Information shall remain at all times in the custody of the counsel of record and shall not be provided by that party, or that party's attorney, to anyone, including, without limitation, any natural person or entity, partnership, corporation, any representative of the news media, or any federal, state, or local governmental agency or official, unless required by Court Agreement or subpoena. Confidential Information will be used solely in connection with the litigation between the parties, the preparation and trial of this litigation, and/or any related appellate proceedings, and not for any other purpose, such as any other pending litigation, release to the media, or for any business, commercial or other competitive purposes.

4. Nothing in this Confidentiality Agreement shall preclude counsel of record for any party and/or any party in this litigation from showing or providing Confidential Information to any of the following:

(a) Counsel for any party;

(b) Plaintiff;

(c) Any paralegal, stenographic, clerical, secretarial personnel, or any other employee employed by counsel for any party if disclosure is reasonably necessary for this litigation;

(d) Court personnel,

(e) Stenographic reporters involved in any hearings, trials or other proceedings related to the litigation between the parties;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

(g) Any outside expert or consultant retained in connection with the litigation between the parties;

(h) Any witness in a deposition proceeding or at trial, but the witness may not leave the deposition with any copy of Confidential Information and will be bound by the provisions of this protective Agreement; and

(i) Any witness or potential witness whom counsel believes, in good faith, has a legitimate need to review said Confidential Information for the purpose of assisting counsel in preparing or conducting pre-trial or trial proceedings in the litigation between the parties.

5. In the event any Confidential Information is to be provided in accordance with Paragraph 4, the party intending to provide such Confidential Information, shall not do so unless and until the intended recipient has been advised of the terms of this Agreement and has agreed that he or she agrees to be bound by the Agreement and subject to the jurisdiction of this Court with respect to any proceedings relating to the enforcement of this Agreement, including, without limitation, any proceeding for contempt.

6. If the Court agrees, or if the parties agree, that access to, or the dissemination of Confidential Information shall be made to persons not included in Paragraph 4, all such persons shall be subject to the terms and conditions of this Confidentiality Agreement.

7. Any party seeking to submit Confidential Information to the Court in connection with a motion, trial or other proceeding within the purview of this action shall file a motion to seal the Confidential Information provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Upon failure of the filing party to so file a document under seal, the producing party may request that the Court place the documents under seal.

8. This Agreement shall not prevent a party from providing Confidential Information to the Court or the trier of fact during any trial of this action.  This Agreement shall not preclude the offering or receipt of evidence at trial concerning Confidential Information.  The parties reserve all rights to apply to the Court for protection with respect to the confidentiality of testimony or other evidence at trial and/or to raise any objections as to the admissibility of the documents.

9. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to any Confidential Information designated by said individual or entity in accordance with this Agreement.

10. This Agreement has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Agreement, nor the designation of any information, document or the like as "Confidential" nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

11. If Confidential Information submitted in accordance with this Agreement is disclosed to any person other than in the manner authorized by this Agreement, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

12. In the event any party disagrees with the designation of any document or information as "Confidential Information" such party shall give notice of this challenge to the party asserting confidential treatment. This notice shall reference this Paragraph specifically and shall identify the document or item that is challenged.  Within ten (10) days of receiving this written challenge, the party asserting confidential treatment shall advise whether it will change the

4

designation of the document or item. If a confidentiality dispute cannot be resolved, then the designating party shall file a motion to preserve the "Confidential Information" designation with the Court. This motion must be filed and served within twenty-one (21) days of the initial notice of the party challenging confidentiality. Failure of the designating party to make such motion shall automatically waive the confidentiality designation for each challenged designation. During the pendency of any motion seeking to retain confidentiality, the designated document or item, as the case may be, shall continue to be treated as "Confidential" and subject to the provisions of this Agreement until such time as the Court rules otherwise. The burden of persuasion in any challenge to confidentiality shall be on the designating party.

13. Within sixty (60) days after final termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted in accordance with this Agreement and all documents that the parties in good faith believe contain or constitute Confidential Information, including all copies of such materials which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the parties. At the option of the party asserting confidential treatment, the parties may elect to destroy all items constituting or containing Confidential Information submitted in accordance with this Agreement. If either party elects to have its Confidential Information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. Notwithstanding the provisions of this Paragraph, Counsel may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain Confidential Information remain subject to this Agreement.

14. This Agreement shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Confidentiality Agreement.

15. Nothing in this Agreement shall preclude any party from using its, his or her own Confidential Information in any manner it, he or she chooses.

IT IS SO AGREED.


By: *s/ Danielle M. Vugrinovich*  Date: May 6, 2022
Danielle M. Vugrinovich, Esquire
PA ID #88326
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
DMVugrinovich@MDWCG.com
**Attorney for Defendant**


 *s/ Hans W. Lodge*  Date: May 6, 2022
Hans W. Lodge, Esquire
MN ID #397012
BERGER MONTAGUE P.C.
1229 Tyler Street NE, Suite 205
Minneapolis, MN  55413
(612) 607-7794 – Phone
(612) 584-4470 – Fax
hlodge@bm.net
**Attorney for Plaintiff**

6